**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis F Rodriguez,<br><br>    Plaintiff,<br><br>v.<br><br>ACCC Insurance Company, et al.,<br><br>    Defendants. | No. CV-16-00998-PHX-ROS<br><br>**ORDER** |

On March 5, 2019, the Court denied without prejudice Plaintiff's motion for an award of attorneys' fees and instructed Plaintiff to renew his motion after resolution of the pending appeal. Plaintiff then filed a motion for reconsideration, arguing the failure to provide an immediate ruling on his request for attorneys' fees will "add significant and unnecessary delay to the final resolution of this case." (Doc. 108 at 2). Defendant opposed the motion for reconsideration by arguing, among other things, the outcome of the pending appeal might impact Plaintiff's request for fees. Therefore, Defendant believes it would be better to address the matter of fees after the appeal is resolved. Having considered the parties' positions, the Court will resolve the matter of fees now so that any appeal from this Order might be consolidated with the already-pending appeal.

Plaintiff seeks an award of $373,343.23 for attorneys' fees and non-taxable costs. Defendant concedes Plaintiff is entitled to most of what he requests but Defendant argues a complete award would be an inappropriate "windfall" and "punitive." (Doc. 99 at 4, 6). Plaintiff's properly supported request for fees shifted the burden to Defendant to

demonstrate, through specific objections, why the amount requested was unreasonable. Defendant made very limited objections and those objections are not convincing. Accordingly, Plaintiff is entitled to almost all the fees and costs he seeks.

Plaintiff seeks an award of attorneys' fees pursuant to A.R.S. § 12-341.01. That statute allows for a "successful party" in an "action arising out of contract" to recover his "reasonable attorney fees." A.R.S. § 12-341.01(A). Arizona courts have set out a clear sequence how requests for fees under § 12-341.01 should be resolved. First, the party seeking fees bears the burden of establishing it was the "successful party." Assuming a party does so, that same party also bears the burden of establishing an award of fees is appropriate under a multi-factor test. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183 (Ariz.1985) (listing factors). The successful party must also submit an application identifying "the type of legal services provided, the date the service was provided, the attorney providing the service . . . , and the time spent in providing the service." *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 932 (Ariz. Ct. App. 1983). If those first three requirements are met, "the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007).

The party opposing the fee award must do more than make "broad challenges to the application." *Id.* For example, it is not enough to make vague claims that "the hours claimed are excessive and the rates submitted too high." *Id.* Rather, the party opposing the fee award "must provide specific references to the record and specify which amount or items are excessive." *In re Indenture of Tr. Dated Jan. 13, 1964*, 326 P.3d 307, 319-20 (Ariz. Ct. App. 2014). In the absence of specific objections, a court "is not obligated to search the record to determine" the propriety of the amount requested. *State ex rel. Corbin v. Tocco*, 845 P.2d 513, 521 (Ariz. Ct. App. 1992).

In the present case, Defendant concedes Plaintiff was the "successful party" entitled to an award of attorneys' fees under § 12-341.01. Defendant also concedes an award of fees would be appropriate. That is, Defendant concedes the multi-factor test required by

Arizona law supports an award of fees. Given those concessions, normally the only remaining issues would be whether Plaintiff submitted adequate documentation and whether Defendant has provided specific objections to that documentation. Here, however, there is an additional complication regarding the amount Plaintiff seeks.

In his supporting documentation, Plaintiff establishes his attorneys billed "538.4 hours at a standard billed value . . . of $244,791.50."[1] (Doc. 94 at 13). Plaintiff requests more than that amount. Plaintiff explains he has a contingency fee agreement requiring he pay counsel one-third of any judgment recovered. Thus, Plaintiff believes he is entitled to an award of $351,306.82 in attorneys' fees, representing one-third of the judgment entered against Defendant.

The Arizona Supreme long-ago recognized § 12-341.01 allows for an award of attorneys' fees when there is a contingency-fee agreement. *Sparks v. Republic Nat. Life Ins. Co.*, 647 P.2d 1127, 1143 (Ariz. 1982). But "[w]hen a contingency agreement is involved, the contingency agreement should not be used as the basis for an award." *Estate of Snell v. Martin*, No. 1 CA-CV 17-0629, 2018 WL 6495397, at *3 (Ariz. Ct. App. Dec. 11, 2018). "Instead, the agreed-upon contingency is a maximum amount" the Court can award. *Id.* When there is a contingency agreement, a court must first determine the "lodestar." If the lodestar is less than the amount required by the contingency agreement, the court must determine if an award higher than the lodestar is appropriate.

The "lodestar" is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bogard v. Cannon & Wendt Elec. Co.*, 212 P.3d 17, 28 (Ct. App. 2009). Plaintiff's hourly rates are within the reasonable rates charged in the Phoenix community for work of this type and, in any event, Defendant does not challenge the hourly rates. Next, Plaintiff's application contains detailed time entries regarding the services performed. Those detailed billing records were sufficient to shift the burden to Defendant to establish "the impropriety or unreasonableness of the requested fees." *Nolan*, 167 P.3d at 1286. Defendant's opposition to the motion for fees presents

---

[1] That amount does not include the time spent in drafting the reply in support of the motion for fees. (Doc. 94-1 at 11). The actual amounts, therefore, would be slightly higher.

- 3 -

*no* substantive objections to the number of hours. In fact, Defendant argues the Court should award fees "on an Hourly Basis." (Doc. 99 at 10). Accordingly, Defendant has effectively conceded the correct lodestar is $244,791.50.

The final question, therefore, is whether the Court should depart from the lodestar and award Plaintiff the full amount he requests. Arizona courts have stressed that awards beyond the lodestar must be supported by "[e]vidence of reasonableness." *Crews v. Collins*, 680 P.2d 216, 218 (Ariz. Ct. App. 1984). *See also Cont'l Townhouses E. Unit One Ass'n v. Brockbank*, 733 P.2d 1120, 1129 (Ariz. Ct. App. 1986) (noting contingency fee of 40% must be assessed for reasonableness). Those courts have not, however, outlined specific factors for a court to consider. It appears the decision whether to award more than the lodestar is simply left to the Court's discretion, to be guided by "the facts and consequences of each case." *London v. Green Acres Tr.*, 765 P.2d 538, 549 (Ariz. Ct. App. 1988).

In seeking an enhancement to the lodestar, Plaintiff points to Defendant's actions throughout this case. In particular, Plaintiff points out Defendant denied Vicente's signature was a forgery for most of this case. It was not until summary judgment that Defendant admitted the signature was a forgery. Had Defendant made that admission earlier, Plaintiff could have avoided "much of the discovery, attorney work and expenses that occurred." (Doc. 102 at 7). Plaintiff also explains Defendant made this litigation difficult in ways beyond refusing to admit facts, such as by delaying its discovery responses and producing new evidence after the entry of judgment. Plaintiff also argues an enhancement to the lodestar is appropriate because counsel accepted the case with "no guarantee of payment." (Doc. 102 at 4). According to Plaintiff, his "counsel took a substantial (and ongoing) risk to pursue a valid claim." (Doc. 102 at 4).

Defendant does not respond with any explanation of its behavior during this litigation or any convincing reason to believe enhancement for the risk of non-payment would be inappropriate. Generally, Arizona courts are hesitant to increase the lodestar. *See, e.g.*, *Timmons v. City of Tucson*, 830 P.2d 871, 878 (Ariz. Ct. App. 1991). But the

circumstances of this case—including Defendant's behavior and the risk of non-payment—support the relatively minor enhancement Plaintiff seeks. Plaintiff will be awarded $351,306.82 in attorneys' fees.

Beyond attorneys' fees, Plaintiff also seeks $8,144.00 in legal research expenses and $13,892.41 in "non-taxable costs." The Arizona Supreme Court "permit[s] recovery of computerized research expenses as an element of an award of attorneys' fees." *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 109 (Ariz. 1999). Thus, Plaintiff will be awarded his legal research expenses. But the "non-taxable" costs cannot be awarded under A.R.S. § 12-341 nor § 12-341.01. *See Keg Restaurants Arizona, Inc. v. Jones*, 375 P.3d 1173, 1188 (Ariz. Ct. App. 2016) (noting expert witness fees were "nontaxable costs" that could not be awarded under § 12-341 or 12-341.01); *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 107-08 (Ariz. 1999) (holding non-taxable costs cannot be awarded under § 12-341.01). Despite that limitation, Plaintiff argues his non-taxable costs are also recoverable because of Defendant's refusal to admit certain facts.

Federal Rule of Civil Procedure 37(c)(2) provides,

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.

Pursuant to Rule 37, the Court "must" award those reasonable expenses unless "the request was held objectionable," "the admission sought was of no substantial importance," "the party failing to admit had a reasonable ground to believe that it might prevail on the matter," or "there was other good reason for the failure to admit."

In May 2016, Plaintiff propounded his Second Set of Requests for Admissions. As relevant here, that document contained the following five requests:

1. Admit the signature on the attached Driver Exclusion Endorsement is not that of Vicente Pita.

2. Admit Vicente Pita did not sign the attached Driver Exclusion Endorsement.

> 3. Admit the attached Driver Exclusion Endorsement is not an agreement in writing between Vicente Pita and ACCC Insurance Co.
>
> 4. Admit there is no agreement in writing between Vicente Pita and ACCC Insurance Co. to exclude Wendy Pita as a driver on ACCC's policy no. HAJ215921.
>
> 5. Admit that as of May 17, 2015, there was no agreement in writing between Vicente Pita and ACCC Insurance Co. to exclude Wendy Pita as a driver on ACCC's policy no. HAJ215921.

(Doc. 94-1 at 133-134). Defendant responded to each of those requests with a simple "Deny." (Doc. 94-1 at 130). At summary judgment, however, Defendant admitted the signature was not Vicente's. Moreover, Defendant never pointed to an "agreement in writing" excluding Wendy from the insurance policy. Accordingly, Plaintiff should recover the "reasonable expenses" it incurred based on Defendant's decision to deny the five requests for admission unless an exception applies.

Defendant argues Rule 37 does not apply to its denials because it had "a valid, justified belief that the signature belonged to Mr. Pita." (Doc. 99 at 10). Defendant does not offer any factual basis for this "valid, justified belief." Instead, Defendant argues it did not learn Vicente was disputing the validity of the signature until "one day post entering of the default judgment." (Doc. 99 at 10). That date, however, was long before Defendant issued its denials. In other words, by the time Defendant issued its denials, it knew Vicente did not believe the signature was his. Defendant has not pointed to any investigative efforts it made regarding the signature after learning Vicente was denying its veracity. In fact, Defendant offers no explanation whatsoever for its denial regarding Vicente's signature. *See Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) (holding Rule 37 sanctions appropriate where party denied admission but had "no reasonable basis" for doing so).

The issue of Vicente's signature on the endorsement was one of the core disputes in the case. And Defendant was in the best position to determine whether the signature was legitimate. Defendant had access to the original documents as well as access to the

surrounding information such as the exact date the paperwork was logged in its systems and the identity of its agents who prepared the paperwork. Defendant's later admission that the signature was a forgery—with no explanation for its change of position—is precisely the situation Rule 37(c)(2) was meant to address. *See Failure to Admit Under Rule 36*, 8B Fed. Prac. & Proc. Civ. § 2290 (3d ed.) (holding Rule 37 "makes the admissions procedure of Rule 36 workable with a minimum of judicial intervention by imposing on a litigant who improperly refuses to admit a matter the cost incurred by the opposing party in proving it"). Defendant's failure to admit the first and second Requests for Admissions means Plaintiff is entitled to the expenses incurred in proving the signature was a forgery.

The third, fourth, and fifth Requests for Admissions dealt with the lack of an "agreement in writing" excluding Wendy from the policy. That was another core dispute in this litigation. Defendant denied those Requests for Admissions but then failed to offer any proof of such an agreement. Instead, at summary judgment Defendant made alternative arguments that, given the surrounding circumstances, the absence of a written agreement was not important. Defendant has not offered any plausible reason for denying the absence of a written agreement. Therefore, Plaintiff is entitled to the expenses incurred in proving the lack of an agreement in writing.

Plaintiff seeks the following items of non-taxable costs:

- Handwriting expert: $4,500.00;
- Videography services for depositions: $4,158.50;
- Postage: $545.67;
- Filing and service fees: $832.34;
- Photocopies: $165.90; and
- Bad faith expert expenses: $3,690.00

These expenses total $13,892.41 but only some of these expenses can be directly linked to Defendant's failure to admit. If Defendant had admitted the five requests, Plaintiff would not have had to retain a handwriting expert nor would Plaintiff have had to take the

depositions.  (If Defendant had admitted there was no written agreement, the parties could have proceeded directly to briefing whether the absence of a written agreement should be excused in this case.)  But regardless of Defendant's admissions, Plaintiff would still have had to incur the expenses of postage, filing and service, photocopies, and a bad faith expert.  Thus, these latter expenses will not be awarded.  Plaintiff is entitled to sanctions under Rule 37 in the form of an award of $8,658.50 in non-taxable costs.

Accordingly,

**IT IS ORDERED** the Motion for Reconsideration (Doc. 108) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion for Attorneys' Fees (Doc. 94) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is awarded $351,306.82 in attorneys' fees, plus $8,144 in legal research fees, plus $8,658.50 in non-taxable costs.

Dated this 23rd day of April, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge