WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Luis F Rodriguez,

    Plaintiff,

v.

ACCC Insurance Company, et al.,

    Defendants.

No. CV-16-00998-PHX-ROS

**ORDER**

Plaintiff has requested entry of a Rule 54(b) judgment regarding attorneys' fees and costs. (Doc. 113). Pursuant to Federal Rule of Civil Procedure 58(a), a separate judgment "is not required for an order disposing of a motion . . . for attorney's fees under Rule 54." Thus, in most cases, the Court is not required to enter a separate judgment when awarding attorneys' fees. Instead, any post-judgment order awarding attorneys' fees is appealable itself. *See California Med. Ass'n v. Shalala*, 207 F.3d 575, 576 (9th Cir. 2000) ("[A] party may obtain relief from a judgment awarding attorney's fees [by appealing] the fee award as it would any final judgment."). The present case might be different in that the Court entered a Rule 54(b) judgment and the Order regarding attorneys' fees only addressed the fees incurred in obtaining that judgment. Thus, there are still claims pending and perhaps the order regarding attorneys' fees is not appealable. But Plaintiff has not cited any authority establishing the Order regarding attorneys' fees is not appealable and there is no obvious reason why that would be the case.

Regardless of the possible complication regarding the Rule 54(b) judgment,

Plaintiff's request for entry of a separate order presents an issue on which courts disagree. One court has reasoned a separate judgment regarding attorneys' fees is unnecessary. *United States v. Bus. Recovery Servs., LLC*, No. CV 11-0390-PHX-JAT, 2012 WL 3064253, at *2 (D. Ariz. July 26, 2012); *Pratt v. Office of Civil Rights*, No. CV-12-01821-PHX-JAT, 2014 WL 1628570, at *4 (D. Ariz. Apr. 23, 2014). Another court has reasoned the Federal Rules of Civil Procedure affirmatively prohibit entry of such a judgment. *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, No. 14 CIV. 06016 (ER), 2018 WL 4682012, at *3 (S.D.N.Y. Sept. 28, 2018). But other courts routinely enter such judgments. *See, e.g.*, *Yufa v. TSI Inc.*, No. 09-CV-01315-KAW, 2016 WL 8929244, at *1 (N.D. Cal. Feb. 18, 2016).

In the present circumstances, the Court's intent in resolving the motion for attorneys' fees now instead of waiting for resolution of the pending appeal was to allow the parties to address the issue of attorneys' fees in connection with that appeal. Given Rule 58, a separate judgment likely is not necessary. But the Court does not believe a separate judgment is prohibited. That is, Rule 58(a) merely states "a separate document is not required" but there is no indication that entry of a separate document is prohibited. To avoid any possible confusion, the Court will enter a separate judgment. There is no just reason for delay in entering this judgment.

Accordingly,

**IT IS ORDERED** the Motion for Entry of Judgment (Doc. 113) is **GRANTED**. The Clerk of Court is directed to enter a judgment in favor Plaintiff and against Defendant ACCC Insurance Company in the amount of $368,109.32 (calculated as $351,306.82 in attorneys' fees, $8,144.00 in legal research fees, and $8,658.50 in non-taxable costs) with post-judgment interest at the statutory rate.

Dated this 10th day of May, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge